UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61655-CIV-MARRA/JOHNSON

FREDERICK S. KOGER

    Plaintiff,

vs.

CIRCUIT COUNTY COURT IN AND FOR
BROWARD COUNTY FLORIDA, NORTH
SATELLITE COURTHOUSE ON BEHALF OF
FORMER HEARING OFFICER CHRISTOPHER
KEITH.

    Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Plaintiff's Cross Motion for Leave and Amend Caption and Strike Defendant's Motion to Dismiss. (DE 20.) The Court has considered the motion and is otherwise fully advised in the premises.

On April 17, 2007, the Court issued an order (DE 19) abating the case until the Court ruled on Defendant's pending Motion to Dismiss. (DE 13.) The Court instructed *pro se* Plaintiff to file a response to Defendant's Motion to Dismiss within ten days of the Court's order.

On April 27, 2007, *pro se* Plaintiff filed a Cross Motion for Leave and Amend Caption and Strike Defendant's Motion to Dismiss. (DE 20.) In his motion, Plaintiff moved for leave to amend pursuant to Federal Rule of Civil Procedure 15. Because Plaintiff did not submit a proposed amended complaint with his motion, the Court is uncertain of the exact nature of the amendment Plaintiff wishes to make. The Court presumes, however, that Plaintiff wishes to add

a new Defendant Christopher Keith in his individual and official capacity as former hearing officer of the circuit county court in and for Broward County Florida, for current Defendant Circuit County Court in and for Broward County Florida.

In any event, the Court will treat Plaintiff's Cross Motion for Leave and Amend Caption and Strike Defendant's Motion to Dismiss, as a motion for leave to file an amended complaint. Federal Rule of Civil Procedure 15(a) governs the amending of a complaint and allows a party to amend "once as a matter of course at any time before a responsive pleading is served." Ordinarily, an amended pleading supersedes the prior pleading and the prior pleading becomes a nullity. *Nisbet v. Van Tuyl*, 224 F. 2d 66, 71 (7th Cir. 1955).

Accordingly, the Court grants Plaintiff's motion to amend the complaint and instructs Plaintiff to file with the Court an amended complaint setting forth the party or parties against whom he is seeking relief and the basis for the claims. Plaintiff may not rely on his original complaint as that complaint has become a nullity. Additionally, Defendant's Motion to Dismiss **(DE 13)** is **DENIED** as moot as the former complaint is no longer operative. Further, discovery will remain stayed along with the parties' obligations to file a joint scheduling report, until Defendant answers the complaint or the Court rules on a new Motion to Dismiss.

Consistent with the foregoing, Plaintiff's Cross Motion for Leave and Amend Caption **(DE 20)** is **GRANTED IN PART AND DENIED IN PART**; Plaintiff is instructed to file his amended complaint with the Court. Defendant's Motion to Dismiss **(DE 13)** is **DENIED** as **MOOT.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of August, 2007.

_____

                                                        KENNETH A. MARRA  
                                                        United States District Judge

Copies to:  
All counsel of record