UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 06-61655-CIV-MARRA/JOHNSON

FREDERICK S. KOGER,

    Plaintiff,

v.

CHRISTOPHER KEITH, in his individual
and official capacity as a former Hearing
Officer in the Circuit/County Court in
and for Broward County, Florida,

    Defendant.
_____/

**OPINION AND ORDER GRANTING MOTION TO DISMISS**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Amended Complaint (DE 38), filed December 21, 2007.  Plaintiff filed a response (DE 39), but no reply brief was filed.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

**Background**

On November 1, 2006, Plaintiff Frederick S. Koger ("Plaintiff") filed a Complaint against the Circuit County Court in and for Broward County, Florida.  (DE 1.)  Subsequently, Plaintiff filed an Amended Complaint on December 10, 2007 (DE 37), which is the subject of the instant motion to dismiss.  The Amended Complaint names only one Defendant, Christopher Keith ("Defendant").  In the Amended Complaint, Plaintiff states that he brings the suit pursuant to 42

1

U.S.C. § 1983,[1] seeking injunctive relief against Defendant, declaratory relief, and ten million dollars in damages.

The facts, as alleged in the Amended Complaint, are as follows: on Monday, July 18, 2000, Plaintiff received a traffic citation for making an improper U-turn in Parkland, Florida. (Compl. ¶ 6.)  Plaintiff claims he pled not guilty and waited for notification regarding his trial. (Compl. ¶¶ 6-7.)  After waiting more than 180 days, Plaintiff alleges he filed a motion to dismiss, which was scheduled to be heard on May 11, 2001. (Compl. ¶ 7.)  Plaintiff states he heard nothing regarding his motion to dismiss, so he "assumed" the court had granted the motion. (*Id.*)  Plaintiff then alleges, "well beyond time to file a timely appeal, in the state court as of right, I received an unofficial document from the Broward County Sheriff's Office indicating that I was convicted on May 10, 2001." (*Id.*)  That conviction allegedly required him to attend a driving safety course. (*Id.*)  Plaintiff alleges that he continued to wait for "an official order reduced to writing from the court" which he never received. (*Id.*)

In 2002 and 2003, Plaintiff states that he requested copies of his driving record from the New York State Department of Motor Vehicles. (Compl. ¶ 8.)  The transcripts did not indicate a conviction on the Florida traffic offense. (*Id.*)  Plaintiff alleges that "Christopher Keith lied about the conviction of the traffic citation." (*Id.*)  In 2005, Plaintiff relocated to Illinois and applied for a driver's license. (Compl. ¶ 9.)  Plaintiff "pulled a copy of [his] Illinois DMV and

---

[1]Plaintiff has not explicitly alleged the denial of a constitutional right.  However, the Court interprets the Complaint to be asserting a denial of due process under the Fourteenth Amendment.  While unclear to the Court, Plaintiff may also be asserting other causes of action under Florida law: malicious prosecution, defamation, and falsifying documents.  Regardless of the exact causes of action Plaintiff is trying to assert, the Court's analysis in this Order remains the same.

discovered a 'Y' on [his] abstract and drivers license and decided to research Illinois Law and discovered that the 'Y' indicates that driver education was reported to the state of Illinois Secretary of State." (*Id.*)  Plaintiff then claims he searched Broward County records but failed to find an entry for the traffic citation.  (Compl. ¶ 10.)  As a result, Plaintiff claims that Defendant falsified his conviction which "resulted in defamation of character and slander."  (Compl. ¶ 11.) Plaintiff further alleges that Defendant abused his office by failing "to reduce any order to writing" which led to a violation of his civil rights "coupled with frivolity, to unwarranted an unjust unfounded prosecution." (*Id.*)

### Standard of Review

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  Fed. R. Civ. P. 8(a).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The Supreme Court has established that a court should afford a *pro se* litigant wide leeway in pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding

3

allegations of a *pro se* complaint to a less stringent standard than formal pleadings drafted by lawyers). However, this leniency does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Investments, Inc., v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *Pro se* litigants are required to meet certain essential burdens in their pleadings. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

## Discussion

The Supreme Court has long recognized that "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. Liability to answer to every one who might feel himself aggrieved by the action of the judge, would be inconsistent with the possession of this freedom, and would destroy that independence without which no judiciary can be either respectable or useful." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871). The essential inquiry in determining whether a judge is immune from suit is "whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). A judge is subject to liability only when the judge's actions were made in a "clear absence" of jurisdiction, not merely an "excess of jurisdiction." *Id.* at 356-57, 357 n.7.

Defendant was a Civil Traffic Hearing Officer.[2] Pursuant to Fla. Stat. § 316.32 (2007), a hearing officer "shall be empowered to accept pleas from and decide the guilt of any person, adult or juvenile, charged with any civil traffic infraction and shall be empowered to adjudicate or withhold adjudication of guilt in the same manner as a county court judge under the statutes."

---

[2]Plaintiff alleges in the Amended Complaint that he has "no knowledge if the defendant is still commiting [sic] these acts. He is no longer an employee of the Broward County Court." (Compl. ¶ 5.)

Fla. Stat. § 316.32(1)  However, a hearing officer may not hold a defendant in contempt of court without an order from a state trial court judge, may not hear a case involving physical injury or death, may not hear any cases involving criminal traffic offenses, and may not unilaterally suspend or revoke a driver's license.  Fla. Stat. § 316.32(1)(a)-(d).  Florida law specifies that a hearing officer is entitled to the same level of immunity as any other state court judge in the State of Florida.  Fla. Stat. § 318.36.

Considering the allegations in the Complaint, the Court holds as a matter of law that Defendant was not acting in a "clear absence" of jurisdiction as conferred by Florida law.  Defendant adjudicated Plaintiff's traffic infraction.  While the fact that Plaintiff did not receive the notice of the offense that he expected is perhaps troubling,[3] Defendant was still acting within the jurisdiction conferred on him by law – he adjudicated a civil traffic infraction.  None of Plaintiff's allegations suggest that Defendant's actions were completely outside the scope of his jurisdiction.  Thus, Plaintiff cannot bring any claim for damages or any other retrospective relief against Defendant.[4]

Nevertheless, the Supreme Court has held that judicial immunity for state court judges only extends to monetary damages – state court judges may be subject to prospective equitable

---

[3] Despite not receiving the type of notification from the court he expected, Plaintiff received notice of his conviction.  (*See* Compl. Ex. A.)

[4] Plaintiff cites two cases in support of his position, but neither of them suggest that Defendant should not be entitled to judicial immunity.  *Forrester v. White*, 484 U.S. 219 (1988), states that judges are not immune from administrative or executive acts but that they enjoy absolute immunity from suit for their judicial acts.  *Id.* at 225-29.  *Morrison v. Lipscomb*, 877 F.2d 463 (6th Cir. 1989), simply reiterates the holding in *Forrester* that a judge is only immune from suit where the acts are "truly judicial acts and not simply administrative acts."  *Id.* at 465.  By adjudicating Plaintiff guilty of a civil traffic offense, Defendant's action was a judicial act, so these cases do not apply.

relief.  *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984) ("We conclude that judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity.").  Defendant seeks an injunction "commanding defendants [sic] to stop and cease of [sic] their activity."  (Compl. 5.)   However, Defendant is no longer employed as a hearing officer for the State of Florida; as a result, Plaintiff's claims for injunctive relief are moot because there is no live "case or controversy."  "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993).  An award of injunctive relief against Defendant at this date would not redress Plaintiff's grievances because Defendant no longer has any authority over Plaintiff's case.  *See, e.g., Smith v. Allen*, 502 F.3d 1255, 1266-67 (11th Cir. 2007).

       Finally, Plaintiff seeks to have the Court "reverse the 'Y'" on his driver's license.  However, Christopher Keith is the only Defendant currently part of this action.  However, reversing the "Y" on Plaintiff's driver's license would involve an action by the Illinois Department of Motor Vehicles.  "Where a person will be directly affected by a decree, he is an indispensable party."  *Williams v. Bankhead*, 86 U.S. (19 Wall.) 563, 571 (1873).  Plaintiff has not joined the Illinois Department of Motor Vehicles (or any other party who could play a meaningful role in removing the "Y") to this suit, and the Court cannot issue an injunction against an indispensable party who has not participated in the litigation.  *Id.*  Enjoining Defendant to remove the "Y" from Plaintiff's license would not redress Plaintiff's grievance, since Defendant is no longer a Civil Traffic Hearing Officer.

## Conclusion

       Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to

Dismiss Amended Complaint (DE 38) is **GRANTED**.  The Court finds that granting Plaintiff leave to amend the Amended Complaint would be futile.  Therefore, the Amended Complaint is **DISMISSED WITH PREJUDICE** as to Defendant Christopher Keith.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of February, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
Frederick S. Koger, *pro se*
all counsel of record